IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | | |
|---|---|---|
| HAMLEY RODRIGUEZ, | * | |
| Petitioner, | * | CIVIL NO.: WDQ-10-0167 |
| | | CRIMINAL NO.: WDQ-07-0523 |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending is Hamley Rodriguez's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. A hearing was held on October 4, 2010. For the following reasons, the motion will be denied.

I. Background

Between 2003 and 2007, Rodriguez conspired with Jerome Chernock and Jose Dominguez to transport cocaine from New York City to Maryland for sale. Plea Agmt, Statement of Facts ¶ 6. Rodriguez frequently transported the cocaine, and on July 31, 2007, he delivered over 590 grams of cocaine to Chernock. *Id.*

On November 13, 2007, Rodriguez was indicted for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On October 23, 2008, he pled guilty pursuant to a plea agreement with the Government. *Id.*

Rodriguez was represented by Jorge Guttlein, Esquire. The Government initially offered Rodriguez a ten-year mandatory minimum sentence; Guttlein negotiated a five-year mandatory minimum term. § 2255 Hr'g Tr. 34:9-17.

The plea agreement included a waiver of appeal. Plea Agmt. ¶ 11. At the plea hearing, Rodriguez waived his right to appeal a sentence within or below the Guidelines range for an adjusted offense level 23. Rodriguez testified that he understood his sentence could not be appealed unless he received an illegal sentence or one above offense level 23. Plea Hr'g 14:6-19. He testified that he understood there was a mandatory minimum term of 60 months. *Id.* 10:20-24. On January 20, 2009, Rodriguez was sentenced to the mandatory minimum term of 60 months imprisonment pursuant to the plea agreement. Paper No. 25.[1]

---

[1] The parties stipulated that the more than 814 grams of cocaine distributed by the conspiracy was foreseeable to Rodriguez, and the base offense level was 26. Plea Agmt. ¶ 6. They also agreed that 21 U.S.C. § 841 (b)(1)(B) required a five-year mandatory minimum sentence. *Id.* The government agreed to a three-level reduction in the base offense level for Rodriguez's early acceptance of responsibility, yielding an offense level 23. *Id.* The Presentence Report noted one prior state court conviction for conspiracy in the fourth degree. Presentence Rep. ¶ 23. The prior conviction gave Rodriguez two criminal history points, establishing a criminal history category of II. *Id.* ¶ 24. Rodriguez's criminal history category II resulted in an advisory guidelines range of 51 to 63 months. *Id.* ¶¶ 24,30. Because of the statutory mandatory minimum, the final adjusted guideline range was 60 to 63 months. *Id.* ¶ 30.

On January 22, 2010, Rodriguez filed this motion to vacate. Paper No. 29. Counsel was appointed on May 25, 2010. Paper No. 35. On October 4, 2010, this Court held a hearing on that motion. Paper No. 42.

II. Analysis

Rodriguez argues that he received ineffective assistance of counsel because Guttlein (1) failed to argue for a sentence reduction for "deplorable conditions at Super Max," (2) failed to appeal his sentence, or (3) in the alternative, failed to consult with Rodriguez about his right to appeal. Pl.'s Mot. to Vacate 1, 8; Pl.'s Post Hr'g Br. 5.

A. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Rodriguez must show that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687. The burden of proving ineffective assistance of counsel is on Rodriguez. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010).

Deficient performance requires Rodriguez to show that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." *Id.* at 686, 689 (there is a "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance").

To demonstrate prejudice, Rodriguez must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is sufficient to undermine confidence in the outcome. *Id.* at 694.

B. Failure to Seek a Reduction for Conditions at Super Max

Rodriguez was held at Super Max in Baltimore before his sentencing. Pl.'s Mot. 4.[2] He contends that "the conditions at Super Max . . . were qualitatively worse than conditions at federal correctional facilit[ies]" because there was "inadequate recreation, restricted family and counsel visits, lack of programs or work opportunities, [and] food that did not meet basic nutritional needs." Pl.'s Mot. 5. According to Rodriguez this resulted in "continual stress, depression, and insomnia." *Id.*

Rodriguez's sentence of 60 months imprisonment is the mandatory minimum sentence required by statute. *See* 21 U.S.C. § 841(b)(1)(B)("term of imprisonment . . . may not be less than 5 years"). Absent the limited authority granted under 18 U.S.C. §§ 3553 (e) or (f), a district court may not reduce a defendant's sentence below the statutory minimum. *United States*

---

[2] Rodriguez states that he "spent 9 months between Wicomico County [C]enter and Super Max in Baltimore while awaiting trial and sentencing." Pl.'s Mot. 4.

4

*v. Hood,* 556 F.3d 226, 233 (4th Cir. 2009); *United States v. Allen,* 450 F.3d 565, 567 (4th Cir. 2006).

Neither 18 U.S.C. § 3553 (e) nor (f) supports the argument that the failure to seek a reduced sentence because of conditions at Super Max was ineffective counsel.[3] Had Rodriguez's counsel informed the court of the conditions at Super Max, a shorter sentence would not---nor could not---have been imposed. Thus, Guttlein's failure to argue pre-sentencing confinement conditions was not unreasonable. *See United States v. Gibson,* 115 Fed. Appx. 138, 139 (4th Cir. 2004)(counsel is not ineffective when he fails to make futile objections).

C. Failure to Appeal

An attorney renders ineffective assistance of counsel if he fails to follow his client's instruction to file a timely notice of appeal. *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir. 2007). This is true even when filing of a notice of appeal "would be contrary to [a] plea agreement." *Id.* The remedy for counsel's failure to file a requested appeal is vacatur and

---

[3] 18 U.S.C. § 3553(e) permits sentences below the statutory minimum for a defendant's "substantial assistance in the investigation or prosecution of another person." 18 U.S.C. § 3553(f) allows a two level reduction in a defendant's base offense level if he meets certain criteria. *See United States v. Jones,* 2010 WL 2825643 (4th Cir. July 20, 2010). Rodriguez did not meet the criteria because he did not provide substantial assistance, and he had a previous state felony conviction for narcotics trafficking. Gov't Opp'n, Ex. A, Jorge Guttlein Aff. ¶ 5, March 22, 2010.

5

reentry of the court's judgment, permitting the defendant to file a timely appeal. *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993).

In his motion, Rodriguez stated that he "instructed his counsel Jorge Guttlein, right after receiving the 60 month sentence to file a notice of appeal." Pl.'s Mot. to Vacate 8. At the hearing, Rodriguez testified that he asked for an appeal; Guttlein testified he did not. §2255 Hr'g Tr. 8:1-5, 39:9-17. Guttlein also testified that, immediately after sentencing, Rodriguez was "quite happy that he got the minimum." *Id.* at 39:11-13.

The Court resolved the credibility contest in Guttlein's favor and finds that Rodriguez did not request an appeal. Thus, the claim of ineffective assistance of counsel based on Guttlein's failure to file an appeal must fail.

D. Failure to Advise of Appeal

In his post-hearing brief, Rodriguez also contends that Guttlein was ineffective because he failed to advise Rodriguez of his right to appeal. Pl.'s Post Hr'g Br. 5.

Under *Roe v. Flores-Ortega*, an attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he

6

was interested in appealing." 528 U.S. 470, 480 (2000). All relevant factors are considered in determining whether the attorney was required to consult about an appeal. *Id.* A defendant's guilty plea is "highly relevant." *Id.* ("a guilty plea reduces the scope of potentially appealable issues and . . . may indicate that the defendant seeks an end to judicial proceedings").

Here, Rodriguez pled guilty. In his plea agreement, he waived his right to appeal "any sentence within or below the advisory guidelines range resulting from an adjusted offense level of 23." Plea Agmt. ¶ 11. At the plea hearing, the Court advised Rodriguez of his right to appeal, which he said he understood. Plea Hr'g 14:6-19. After Rodriguez was sentenced to the mandatory minimum of 60 months imprisonment, the Court again advised Rodriguez of his right to appeal. Sentencing Hr'g 9:21-10:11.

At the § 2255 hearing, Guttlein testified that "[a]fter the sentencing, we were quite happy that he got the minimum . . . we were quite happy with each other." § 2255 Hr'g Tr. 39:11-18. Guttlein testified that when he reviewed the plea agreement with Rodriguez, he advised that there would be no appeal, and "it was never a subject of importance. [Rodriguez] was just worried about . . . getting the least time possible." *Id.* at 45:20-25.

In these circumstances no rational defendant would have sought to appeal his sentence, and Rodriguez did not "reasonably demonstrate" an interest in appealing. *Flores-Ortega,* 528 U.S. at 480; *Lebron v. United States,* 2007 WL 1159646, at * 5 (S.D.N.Y. 2007)(defendant did not reasonably demonstrate interest in appeal when he entered plea agreement waiving right to appeal sentence, was advised of waiver, and indicated he was "very happy" with his lawyer). Accordingly, Guttlein had no duty to consult with Rodriguez about an appeal. His failure to do so was not ineffective.

E. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. §(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003)(internal quotations omitted).

Because Rodriguez has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Rodriguez's motion will be denied.

<u>October 27, 2010</u>             <u>          /s/                    </u>
Date                                William D. Quarles, Jr.
                                        United States District Judge